**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| **THE BOARD OF COUNTY COMMISSIONERS OF KAY COUNTY, OKLAHOMA,** | ) ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 12-1283 (RMC)** |
| | ) | |
| **FEDERAL HOUSING FINANCE AGENCY,** *et al.*, | ) ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## OPINION

The Board of County Commissioners of Kay County, Oklahoma (Kay County) brought suit against the Federal Housing Finance Agency, as conservator for Federal National Mortgage Association (Fannie Mae) and Federal Home Loan Mortgage Corporation (Freddie Mac), as well as against Fannie Mae and Freddie Mac (collectively, Defendants). Kay County seeks to compel Defendants to pay a documentary stamp tax, *i.e.*, a transfer tax, upon the sale of real estate located in Oklahoma. Pursuant to certain federal exemption statutes, 12 U.S.C. §§ 1452(e), 1723a(c)(2), 4617(j)(1)-(2), the Defendants are exempt from all taxation, including the excise tax at issue here. Accordingly, Defendants' motion to dismiss will be granted.

### I.  FACTS

The State of Oklahoma imposes a documentary stamp tax on sales of real property. *See* 68 Okla. Stat. Ann. § 3201.[1] This tax, known as a "Transfer Tax," is based on the

_____

[1] The Oklahoma statute provides:

value of the real property conveyed and attaches at the time the deed is executed and delivered to

a buyer.  *Id.*  The tax must be paid by the seller via the purchase of documentary stamps from the

county clerk, and such stamps must be affixed to the deed before it can be accepted for

recording.  *Id.* §§ 3203-04.

Kay County alleges that Defendants have "ignored" and "wrongfully refused to

pay" the tax, depriving Kay County of significant tax revenue to which it is entitled.  Am.

Compl. [Dkt. 11] ¶¶ 4, 7.  Kay County filed a two count Amended Complaint, seeking (1) a

declaratory judgment that Defendants are not exempt from the Transfer Tax; and (2) damages in

---

A. A tax is hereby imposed on each deed, instrument, or writing by which any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to or vested in the purchaser or purchasers, or any other person or persons, by his or their direction, when the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of sale, exceeds One Hundred Dollars ($100.00). The tax shall be prorated at the rate of seventy-five cents ($0.75) for each Five Hundred Dollars ($500.00) of the consideration or any fractional part thereof.

B. The tax is limited to conveyances of realty sold and does not apply to other conveyances. The tax attaches at the time the deed or other instrument of conveyance is executed and delivered to the buyer, irrespective of the time when the sale is made.

C. As used in this section:

1. "Sold" means a transfer of an interest for a valuable consideration, which may involve money or anything of value; and

2. "Deed" means any instrument or writing whereby realty is assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or, at his direction, any other person.

3. "Consideration" means the actual pecuniary value exchanged or paid or to be exchanged or paid in the future, exclusive of interest, whether in money or otherwise, for the transfer or conveyance of an interest of realty, including any assumed indebtedness.

68 Okla. Stat. Ann. § 3201.

the full amount of Transfer Taxes allegedly due and owing by Defendants.  *Id.* ¶¶ 43-53.

Defendants move to dismiss, arguing that they are exempt from the excise taxes that Kay County

seeks to impose.

## II.  LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated

a claim.  Fed. R. Civ. P. 12(b)(6).  A complaint must be sufficient "to give a defendant fair notice

of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007) (internal citations omitted).  Although a complaint does not need detailed

factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief

"requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do."  *Id.*  In deciding a motion under Rule 12(b)(6), a court may consider the

facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated

by reference, and matters about which the court may take judicial notice.  *Abhe & Svoboda, Inc.*

*v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007) (internal quotation marks and citation omitted).

A court must treat the complaint's factual allegations as true, "even if doubtful in

fact."  *Twombly*, 550 U.S. at 555.  But a court need not accept as true legal conclusions set forth

in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "While legal conclusions can

provide the framework of a complaint, they must be supported by factual allegations.  When

there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief."  *Id.* at 679.

## III.  ANALYSIS

The issue here is a question of statutory interpretation.  Congress exempted

Fannie Mae, Freddie Mac, and FHFA as their conservator from "all taxation" by states and

localities, other than property taxes.  *See* 12 U.S.C. §§ 1452(e), 1723a(c)(2), 4617(j)(1)-(2)

(Exemption Statutes).[2]  FHFA asserts that it is exempt from the Transfer Tax because it is an

excise tax, a tax levied upon the transfer or use of property, as distinct from a direct tax upon the

property itself.  *See United States v. Wells Fargo Bank*, 485 U.S. 351, 355 (1988).  Kay County

asserts that (1) the Transfer Tax is a tax on real property not subject to the exemption and (2) that

---

[2] Freddie Mac is exempt from "all taxation," other than property taxes:

> The Corporation [Freddie Mac] . . . *shall be exempt from all
> taxation now or hereafter imposed* by any territory, dependency, or
> possession of the United States or *by any State, county,
> municipality, or local taxing authority*, except that any real
> property of the Corporation shall be subject to State, territorial,
> county, municipal, or local taxation to the same extent according to
> its value as other real property is taxed.

12 U.S.C. § 1452(e) (emphasis added).  In almost identical language, Congress exempted Fannie
Mae from all taxation, again, other than property taxes:

> The corporation [Fannie Mae], including its franchise, capital,
> reserves, surplus, mortgages or other security holdings, and
> income, *shall be exempt from all taxation* now or hereafter
> imposed by any State, territory, possession, Commonwealth, or
> dependency of the United States, or by the District of Columbia, or
> by any county, municipality, or local taxing authority, except that
> any real property of the corporation shall be subject to State,
> territorial, county, municipal, or local taxation to the same extent
> as other real property is taxed.

*Id*. § 1723a(c)(2) (emphasis added).  FHFA, as conservator, is similarly exempt:

> The Agency [*i.e*., FHFA as conservator] . . . shall be exempt from
> all taxation imposed by any State, county, municipality, or local
> taxing authority, except that any real property of the Agency shall
> be subject to State, territorial, county, municipal, or local taxation
> . . . .

*Id*. § 4617(j)(2).

"all taxation" does not mean all taxation and instead includes only direct taxes and not excise taxes.

"Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *Engine Mfrs. Ass'n v. S. Coast Air Quality Mngmt. Dist.*, 541 U.S. 246, 252 (2004); *see also FTC v. Tarriff*, 584 F.3d 1088, 1090 (D.C. Cir. 2009) (unless otherwise defined, the words of a statute must be construed according to their common meaning). When a statute's language is plain, a court must enforce it according to its terms. *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009). Courts should resist reading words or phrases into a statute that are not there. *Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238, 246 (6th Cir. 2004). "[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.,* 530 U.S. 1, 6 (2000) (internal quotation marks omitted). Since the Exemption Statutes do not define "all" or "taxation," the Court must interpret the terms according to "everyday understanding." *See Lopez v. Gonzales*, 549 U.S. 47, 47 (2006). As explained below, the meaning of the phrase "all taxation" is clear.

The issue of whether the entities that are defendants here are exempt from other similar state transfer taxes has been litigated frequently in the last two years. Courts across the country uniformly agree that the phrase "all taxation" unambiguously provides an exemption from real estate transfer taxes to FHFA as conservator, Fannie Mae, and Freddie Mac. *See. e.g.*, *County of Oakland v. FHFA*, 716 F.3d 935, 940 (6th Cir. 2013) (exemption from Michigan real

property transfer taxes);[3] *Butts v. Fannie Mae*, Civ. No. 9:12-1912, at *11 (D.S.C. May 23, 2013) (filed as Third Notice of Supp. Authority, Ex. 2 [Dkt. 30-2]) (exemption from South Carolina mortgage recording fee); *Athens-Clarke Cnty. Unified Gov't v. FHFA*, No. 5:12-cv-355, 2013 WL 2102922, at *7-8 (M.D. Ga. May 14, 2013) (exemption from Georgia tax on the transfer of property); *Montgomery Cnty. Comm'n v. FHFA*, No. 2:12-cv-885, 2013 WL 1896256, at *2-3  (M.D. Ala. May 6, 2013) (exemption from Alabama recordation tax); *Montgomery Cnty. v. Fannie Mae*, No. 13-cv-66, 2013 WL 1832370, at *5-10 (D. Md. Apr. 30, 2013) (exemption from Maryland recordation and transfer taxes);  *Hennepin Cnty. v. Fannie Mae*, No. 12-cv-2075, 2013 WL 1235589, at *3-6 (D. Minn. Mar. 27, 2013) (exemption from Minnesota transfer taxes and environmental surcharges); *Delaware Cnty. v. FHFA*, No. 2:12-cv-4554, 2013 WL 1234221, at *3-5 (E.D. Pa. Mar. 26, 2013) (exemption from Pennsylvania transfer tax); *Fannie Mae v. Hamer*, No. 12-cv-50230, 2013 WL 591979, at *4-6 (N.D. Ill. Feb. 13, 2013) (exemption from Illinois transfer tax); *Nicolai v. FHFA*, No. 8:12-cv-1335, 2013 WL 899967, at *3-5 (M. D. Fla. Feb. 12, 2013) (exemption from Florida transfer tax); *Hertel v. Bank of Am.*, 897 F. Supp. 2d 579, 583-87 (W.D. Mich. 2012) (exemption from Michigan transfer tax); *Dist. of Columbia ex rel. Hager v. Fannie Mae*, 882 F. Supp. 2d 107, 111-12 (D.D.C. 2012) (exemption from D.C. recordation taxes), *appeal dismissed*, No. 12-7095, 2013 WL 1729764 (D.C. Cir. Apr. 16, 2013); *see also Cape May Cnty. v. Fannie Mae*, No. 12-cv-4712 (D.N.J.) (Tr. of Apr. 30, 2013 ruling on the record) (filed as Second Notice of Supp. Authority, Ex. C [Dkt. 28-3]) (exemption from New Jersey transfer tax).

---

[3] The Sixth Circuit in *County of Oakland* reversed the only district court to find no exemption from state transfer taxes under the Exemption Statutes.  *See County of Oakland v. FHFA*, 871 F. Supp. 2d 662 (E.D. Mich. 2012), *rev'd*, 716 F.3d 935 (6th Cir. 2013).

Courts have construed "all taxation" in accordance with its ordinary meaning. The Sixth Circuit explained:

> "Taxation" is the "imposition or levying of taxes;" "the action of taxing or the fact of being taxed." Oxford English Dictionary 679, vol. XVII (2d ed. 1989). As employed in the exemption statutes, "all" is an adjective describing "[t]he entire or unabated amount or quantity of; the whole extent, substance, or compass of; the whole." Oxford English Dictionary 324, vol. I (2d ed. 1989). Accordingly, the common sense, non-technical interpretation of "all taxation" has to include the State and County real estate transfer taxes here . . . . [A] straightforward reading of the statute leads to the unremarkable conclusion that when Congress said "all taxation," it meant *all* taxation.

*County of Oakland*, 716 F.3d at 940 (emphasis in original). "'All' is an inclusive adjective that does not leave room for unmentioned exceptions." *Hertel*, 897 F. Supp. 2d at 582 (construing Exemption Statutes).

This interpretation of the Exemption Statutes is bolstered by the Supreme Court's decision in *Federal Land Bank of St. Paul v. Bismarck Lumber Co.*, 314 U.S. 95 (1941). In *Bismarck*, the Supreme Court construed a tax exemption for federal land banks set forth in a statute that provided: "[E]very federal land bank . . . shall be exempt from . . . State, municipal, and local taxation, except taxes upon real estate . . . ." *Id.* at 96 n.1 (quoting Federal Farm Loan Act of 1916, 12 U.S.C. §§ 931-33).[4] Pursuant to this statutory exemption, the Federal Land Bank of St. Paul refused to pay state sales tax when it purchased building materials. The Supreme Court determined that the "unqualified term 'taxation' clearly encompasse[d] within its scope a sales tax . . . ." *Id.* at 99.

Similarly, the Supreme Court has held that a statute that provided a tax exemption to federal home loan banks barred the collection of documentary stamp taxes on mortgage

---

[4] The Federal Farm Loan Act of 1916 was subsequently repealed. *See* Pub. L. 92-181, 85 Stat. 624 (Dec. 10, 1971).

recordation. *See Pittman v. Home Owners' Loan Corp.*, 308 U.S. 21, 29-32 (1939). The exemption statute at issue in *Pittman* was in all substantive respects identical to the Exemption Statutes. The federal home loan bank statute provided that the entity was exempt from "all taxation" except for taxes on real property. *Id*. at 32 n.3 (citing 12 U.S.C. § 1463(c)).

Kay County does not attempt to distinguish this plethora of cases. Instead, it rehashes the same arguments that have been rejected by many courts. Kay County contends that the Transfer Tax falls under the property tax exception set forth in the Exemption Statutes. However, the Transfer Tax clearly does not fit into this exception. Just because a transfer tax is measured by the value of real property does not mean that the tax is a "property tax." *See S. Ry. Co. v. Watts*, 260 U.S. 519, 530 (1923) ("[A] privilege tax is not converted into a property tax because it is measured by the value of property."). Further, the exception for property taxes actually undermines Kay County's claim that Defendants are obligated to pay the Transfer Tax. Congress excluded property taxes from the exemption, but did not carve out taxes such as the Transfer Tax at issue here. "When Congress provides exceptions in a statute, it does not follow that courts have authority to create others. The proper inference . . . is that Congress considered the issue of exceptions and, in the end, limited the statute to the ones set forth." *United States v. Johnson*, 529 U.S. 53, 58 (2000). The fact that one exception is expressly set forth in the Exemption Statutes supports the conclusion that the exemption from "all taxation" includes the Transfer Tax. *Hertel*, 897 F. Supp. 2d at 582.[5]

Despite the unambiguous language of the Exemption Statutes, Kay County relies on *Wells Fargo Bank* and argues that "all taxation" is a term of art meaning only "all direct

---

[5] Kay County also contends that Defendants are not considered federal instrumentalities for all purposes and questions whether they should be considered federal instrumentalities for tax purposes. This point is irrelevant; the scope of the Exemption Statutes does not turn on the entity's status as an instrumentality.

taxation" and not including excise taxes.  The impact of such a statutory construction would make Defendants subject to the Transfer Tax.

In *Wells Fargo*, the Supreme Court interpreted a provision of the Housing Act of 1937, 42 U.S.C. § 1437i(b), which attempted to stimulate housing financing by permitting state and local authorities to issue tax-free obligations called "Project Notes."  485 U.S. at 353.  The statute provided that "[O]bligations [*i.e.*, Project Notes], including interest thereon . . . shall be exempt from all taxation now or hereafter imposed by the United States."  42 U.S.C. § 1437i(b). The Court explained:

> Well before the Housing Act was passed, an exemption of property from all taxation had an understood meaning:  the property was exempt from *direct* taxation, but certain privileges of ownership, such as the right to transfer the property, could be taxed. Underlying this doctrine is the distinction between an excise tax, which is levied upon the use or transfer of property even though it might be measured by the property's value, and a tax levied on the property itself.

485 U.S. at 355 (emphasis in original).  The Supreme Court concluded that the exemption of the Project Notes from taxation applied to federal income taxes (direct taxes) and not to federal estate taxes (excise taxes).  *Id*. at 355, 358.

*Bismarck*, which dealt with tax exempt *entities*, is the applicable precedent here, not *Wells Fargo*, which dealt with tax exempt *properties*.  *See Hamer*, 2013 WL 591979, at *5; *accord Nicolai*, 2013 WL 899967, at *5.  "[*Bismarck*], interpreting the tax exemption of an entity rather than of a piece of property, provides the on point comparison for interpreting [the Exemption Statutes]."  *Hager*, 882 F. Supp. 2d at 113.  *Wells Fargo* did not distinguish *Bismarck*, or even mention it, because *Wells Fargo* arose from a different context and area of tax law.  As the district court in *Hager* explained, "[a] recordation tax for a deed one of the Enterprises [FHFA, Fannie Mae, and Freddie Mac] records is indisputably a tax on that *entity*. It

thus falls within the statutory exemption." *Id*. at 112 (emphasis added).  Because the Exemption Statutes provide that FHFA, Fannie Mae, and Freddie Mac are exempt from "all taxation," they are exempt from the Transfer Tax.  Kay County's complaint will be dismissed.

## IV.  CONCLUSION

For the reasons stated above, Defendants' motion to dismiss [Dkt. 18] will be granted and this case will be dismissed.  Having dismissed the case, Kay County's motion for hearing [Dkt. 32] will be denied as moot.  A memorializing Order accompanies this Opinion.

DATE: July 26, 2013

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge